STATE OF IOWA, Appellee, v. C. H. REYNOLDS, Appellant.

No. 39731.

DECEMBER 13, 1929.

*Walter Koerner*, for appellant.

*John Fletcher*, Attorney-general, *Neill Garrett*, Assistant Attorney-general, and *John J. Kintzinger*, County Attorney, for appellee.

STEVENS, J.—The indictment in this case charged the defendant with the crime of embezzlement, as the agent of Anna E. Rummel, of two bonds issued by the American Public Service Company, one for $100 and one for $500. The indictment contains but a single count, and does not charge the defendant with the embezzlement of the proceeds received from the bonds. The evidence is brief and uncontradicted.

From the recital of the facts in the abstract, it appears that, on April 16, 1927, the defendant wrote Anna Rummel, who resided in the city of Dubuque, and who was holder of the above-described bonds, that the company was about to call the bonds at 105, plus the interest due; that he could arrange the matter for her,—advising her that the surrender could be made at any time. The holder of the bonds, on May 2d, delivered the same to the defendant for the purpose stated in the letter, and received a receipt therefor. Mrs. Rummel testified that she repeatedly visited the office of the defendant in the Federal Bank Building in the city of Dubuque after the foregoing transaction, for the purpose of receiving the proceeds from the surrender of the bonds. The defendant admitted to her that he had received the money, but said he was waiting for a suitable investment therefor. Later, and after repeated demands, the defendant informed the witness that he had used the money, and was unable to pay her. With this testimony, both the State and the defendant rested.

A motion appears to have been made for a directed verdict at the close of the State's evidence, and renewed after the defendant rested. The brief of appellant was prepared in almost utter disregard of Rule 30 of this court, which requires that the brief and argument of appellant contain a short and clear statement showing "* * * the errors relied upon for a reversal." This rule will be found on page 1682 of the Code of 1927. Of the 35 purported statements of error relied upon for reversal, a single one is sufficient to merit consideration: that is, that the evidence is insufficient to sustain the verdict.

The case was submitted to the jury by the court in strict harmony with the allegations of the indictment. In its charge, the court specifically instructed the jury that, if it appeared from the evidence that the defendant embezzled the proceeds of the bonds, and not the bonds themselves, a verdict of not guilty should be returned. Is the evidence sufficient to sustain a con-

viction of the crime of embezzlement of the bonds? As previously stated, the only evidence introduced by the State for the purpose of showing embezzlement was that of Mrs. Rummel. As to whether the bonds were in fact converted by the defendant and retained by him, or whether they were sold or surrendered to the company issuing them, the record, in any affirmative sense, is wholly silent. The substance of the proof is that the bonds were delivered to the defendant, and that, according to his statements to Mrs. Rummel, he received $840 in cash therefor, which he used, and was unable to return to her. The agency is fully established. It was that the defendant should surrender the bonds to the American Public Service Company in exchange for cash, at the rate of 105, plus interest, and account to his principal either in cash or in the form of a suitable investment. His right, therefore, to dispose of the bonds is, of course, not questioned. Has the State proven that he did not carry out the terms of his agency, in part at least, and dispose of the bonds, as he had agreed to do? As the evidence is without dispute, the admitted receipt by the defendant of the bonds adds nothing to the proof. The explanations made by him to his principal are, of course, not necessarily binding on the State. The jury had a right to disbelieve them. No demand was ever made by the owner of the bonds for the return thereof, nor was the return ever contemplated by either party. The supposed proceeds were all that Mrs. Rummel ever sought to recover. Upon what evidence, therefore, in the record, could a verdict finding the defendant guilty of embezzlement of the bonds be sustained? The State introduced no proof for the purpose of showing that the bonds were retained by the defendant. The record is silent on this point. To sustain a conviction under the instruction of the court, which, so far as we have observed, correctly stated the law, the jury must have found that the bonds, and not the proceeds received therefor, were actually embezzled. It seems to us that the evidence is wholly insufficient to justify such finding by the jury.

The evidence relied upon by the State to show embezzlement of the bonds is clearly insufficient. If the indictment had charged the defendant with the embezzlement of money, and a verdict of guilty had been returned, it would have been amply sustained by the evidence.

The case is, on principle, in all respects, identical with *State*

*v. Fox,* 197 Iowa 1259. The judgment must be, and is,—*Reversed.*

ALBERT, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.